UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
DISTRICT COURT
09 JUN -3 AM 11: 24

LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. |
| ) | |
| HEALTHNET, INC. ) | |
| ) | |
| Defendant. ) | 1:09-cv- 0684 WTL -JMS |

## COMPLAINT

Plaintiff, the United States of America on behalf of the Drug Enforcement Administration, by Timothy M. Morrison, United States Attorney for the Southern District of Indiana, and Thomas E. Kieper, Assistant United States Attorney, alleges as follows:

### I. INTRODUCTION

1. This is a civil action seeking penalties against Defendant HealthNet Inc., for violations of the Controlled Substances Act (hereafter "the Act"), 21 U.S.C. § 801 *et. seq.*, and the regulations promulgated thereunder.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 842(a)(1).

3. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1395.

### III. PARTIES

4.     Plaintiff is the United States of America. The United States Drug Enforcement Administration (hereafter "DEA") is an agency of the United States and is responsible for enforcing the provisions of the Act.

5.     HealthNet Inc. is licensed in Indiana as a hospital/clinic, with its principal place of business located in the Southern District of Indiana, with a facilities at several locations including a clinic and pharmacy at 2340 East 10th Street, Indianapolis, Indiana 46201. During the times relevant to this Complaint, HealthNet, Inc. held DEA Registration No. BH5304073, and had authorization to dispense controlled substances pursuant to 21 U.S.C § 823(e).

### VI. VIOLATIONS

6.     Diversion Investigators of the DEA conducted an on-site investigation at HealthNet after receiving a report of drug diversion at HealthNet, Inc. from the Indianapolis Metropolitan Police Department. The investigation included reviewing controlled substance records covering a period of time commencing May 24, 2005 and concluding on August 11, 2008.

7.     During the audited period HealthNet, Inc. failed to provide effective controls and procedures to safeguard against theft, loss, or diversion of controlled substances in violation of 21 C.F.R. § 1301.71(a) and (b).

8.     HealthNet, Inc. failed to note on their May 24, 2005 biennial inventory if it was taken at the beginning or close of business in violation 21 U.S.C. §§ 827(a) and (b), 842(a)(5) and 21 C.F.R. § 1304.11(a). HealthNet, Inc. is liable to the United States in an amount of up to $10,000 for such violation, pursuant to 21 U.S.C. § 842(c)(1)(B).

9.     Between May 24, 2005 and August 11, 2008, on at least 12 occasions, HealthNet

Inc. failed to maintain records of receipt for Schedule III-V controlled substances in violation of 21 U.S.C. §§ 827(a) and (b), 842(a)(5) and 21 C.F.R. §§ 1304.04(a), and 1304.21(a) and (c). HealthNet, Inc. is liable to the United States in an amount of up to $10,000 for such violation, pursuant to 21 U.S.C. § 842(c)(1)(B).

10. Between May 24, 2005 and August 11, 2008, on potentially 129 occasions, HealthNet, Inc. failed to make a record of distribution of Schedule III-V controlled substances in violation of 21 U.S.C. §§ 827(b), 842(a)(5) and 21 C.F.R. §§ 1304.04(a), and 1304.21(a) and 1304.22(a) and (b). HealthNet, Inc. is liable to the United States in an amount of up to $10,000 for such violation, pursuant to 21 U.S.C. § 842(c)(1)(B).

11. Between May 24, 2005 and August 11, 2008, on at least one occasion, HealthNet, Inc. failed to record the date of shipment on a record of distribution of a Schedule IV controlled substance in violation of 21 U.S.C. §§ 827(b) and 842(a)(5) and 21 C.F.R. §§ 1304.21 and 1304.22. HealthNet, Inc. is liable to the United States in an amount of up to $10,000 for such violation, pursuant to 21 U.S.C. § 842(c)(1)(B).

12. Between May 24, 2005 and August 11, 2008, on at least 13 occasions, HealthNet, Inc. failed to record the date and quantity of Schedule II controlled substances received on DEA Form 222's, Official Order Forms, in violation of 21 U.S.C. §§ 828 and 842(a)(5) and 21 C.F.R. § 1305.13(e). HealthNet, Inc. is liable to the United States in an amount of up to $10,000 for such violation, pursuant to 21 U.S.C. § 842(c)(1)(B).

13. Between May 24, 2005 and August 11, 2008, on at least 14 occasions, HealthNet, Inc. failed to record the date and quantity of Schedule II controlled substances supplied to other registrants on DEA Form 222's, Official Order Forms, in violation of 21 U.S.C. §§ 828 and 842(a)(5) and 21 C.F.R. § 1305.13(b). HealthNet, Inc. is liable to the United States in an amount

of up to $10,000 for such violation, pursuant to 21 U.S.C. § 842(c)(1)(B).

14. Between May 24, 2005 and August 11, 2008, on at least 15 occasions, HealthNet, Inc. failed to forward Copy 2 of DEA Form 222, Official Order Forms, to the DEA in violation of 21 U.S.C. §§ 828 and 842(a)(5) and 21 C.F.R. § 1305.13(d). HealthNet, Inc. is liable to the United States in an amount of up to $10,000 for such violation, pursuant to 21 U.S.C. § 842(c)(1)(B).

15. HealthNet, Inc. failed to issue a Power of Attorney to sign DEA Form 222's, Official Order Forms, to the chief pharmacist who signed them between May 24, 2005 and August 11, 2008 in violation of 21 U.S.C. §§ 828 and 842(a)(5) and 21 C.F.R. § 1305.05(a). HealthNet, Inc. is liable to the United States in an amount of up to $10,000 for such violation, pursuant to 21 U.S.C. § 842(c)(1)(B).

16. Between May 24, 2005 and August 11, 2008, HealthNet, Inc. failed to make and maintain complete and accurate records for all transactions involving controlled substances in violation of 21 U.S.C. §§ 827 (a) (3) and (b) and 842(a)(5) and 21 C.F.R. §§ 1304.04(a), 1304.11(a) and 1304.21(a).

**WHEREFORE**, the United States of America respectfully requests the entry of judgment against HealthNet, Inc. for an appropriate civil penalty under the circumstances for

each violation of the Controlled Substances Act, costs of this action, and all other relief as the Court deems reasonable and appropriate.

                                        Respectfully submitted,

                                        TIMOTHY M. MORRISON
                                        United States Attorney

By:

                                        Thomas E. Kieper
                                        Assistant United States Attorney

United States Attorney's Office
10 W. Market Street, Suite 2100
Indianapolis, Indiana 46204
Telephone:     (317) 226-6333
Tele-Facsimile:  (317) 226-5027